IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPITOL SERVICES MANAGEMENT INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-1756 (EGS) |
| | : | |
| VESTA CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT VESTA CORPORATION'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Vesta

Corporation ("Vesta") hereby moves the Court to dismiss Plaintiff's Complaint with prejudice

for the reasons set forth in the accompanying Memorandum of Law.

Vesta requests oral argument on this Motion pursuant to Local Rule LCvR 7(f).


Date: December 8, 2017                    Respectfully submitted,

                                         /s/ Matthew D. Foster
                                         Matthew D. Foster
                                         (D.C. Bar No. 503057)
                                         **PEPPER HAMILTON LLP**
                                         600 Fourteenth Street, N.W., Suite 500
                                         Washington, D.C. 20005-2004
                                         fosterm@pepperlaw.com
                                         Telephone: 202.220.1235
                                         Facsimile: 202.220.1665

                                         *Attorney for Defendant Vesta Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPITOL SERVICES MANAGEMENT INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-1756 (EGS) |
| | : | |
| VESTA CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VESTA CORPORATION'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Matthew D. Foster
(D.C. Bar No. 503057)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington,  D.C. 20005-2004
fosterm@pepperlaw.com
Telephone:  202.220.1235
Facsimile:  202.220.1665

*Attorney for Defendant Vesta Corporation*

I.      INTRODUCTION

        Plaintiff, Capitol Services Management Inc. ("CSMI"), is a property management company that alleges tortious interference with contract and business expectancy by Vesta Corporation ("Vesta"). This two count complaint must be dismissed with prejudice because the statute of limitations has expired. Moreover, CSMI is collaterally estopped from bringing these claims because it already litigated identical claims against the District of Columbia ("District") that were dismissed. Finally, the complaint fails to state a cause of action, but merely recites elements and includes legal conclusions masquerading as facts. For any or all of these reasons, the complaint should be dismissed with prejudice.

II.     FACTS

        This case has a long and complex history stemming from multiple lawsuits filed in D.C. Superior Court and consolidated on July 7, 2015.[1] On July 24, 2014, CSMI sued the District for the exact same causes of action alleged in this complaint. See Exhibit A. On May 3, 2017, The Honorable Judge Mott granted the District's Motion for Summary Judgment. See Exhibit B. The Court concluded that CSMI had failed to establish a *prima facie* claim of tortious interference with contract or business relationship. *Id*. at 6.

        During 2014, Vesta managed Park Southern Apartments for Park Southern Neighborhood Corporation ("PSNC"). Compl. ¶¶ 4 and 8. On March 17, 2014, PSNC attempted to terminate this contract and attempted to contract with CSMI. Compl. ¶¶ 8 and 9. CSMI alleges that the District determined, without due process, that PSNC's contract with CSMI

---

[1] PSNC sued Vesta in D.C. Superior Court; that case was consolidated with CSMI's case and eventually the court granted Vesta's motion to dismiss.

constituted a breach of PSNC's contract with Vesta. Compl. ¶¶ 23 and 24.[2] CSMI learned on or around May 3, 2014 that it no longer managed the property and instead the District put Vesta back in charge. Compl. ¶¶ 29 and 30.

CSMI sued the District in D.C. Superior Court on July 24, 2014. That complaint has several paragraphs and some related facts identical to the recently filed complaint in this Court. This chart demonstrates the similarities.

| CSMI v. Vesta | CSMI v. District |
|:-----:|:-----:|
| ¶ 5 | ¶ 10 |
| ¶ 6 | ¶ 11 |
| ¶ 7 | ¶ 12 |
| ¶ 9 | ¶ 5 |
| ¶ 10 | ¶¶ 6 and 7 |
| ¶ 11 | ¶ 8 |
| ¶ 12 | ¶ 9 |
| ¶ 26 | ¶¶ 14 and 15 |
| ¶ 29 | Parts of ¶ 17 |
| ¶ 33 | ¶ 13 |

Moreover, paragraph 18 of the complaint in *CSMI v. District of Columbia* is detrimental to CSMI's claims in this case:

> Defendant [District] terminated the contract and awarded it immediately to Vesta because of political and personal connections on the pretense of an "emergency contract" award. Upon information and belief, certain DHCD representatives jointly engaged in this decision. **Said officials also collaborated with Vesta regarding the government's actions in advance of Defendant's May 3 takeover of the property**.

(Emphasis added.)

---

[2] It should be noted that the complaint refers to the District as a "Defendant," but the District is not actually a party to this lawsuit.

CSMI alleged in its complaint against the District that Vesta collaborated with the District to take back management of Park Southern. See Exhibit A, ¶¶ 18 and 19. CSMI, therefore, was on notice as to any potential claim against Vesta as of May 3, 2014, when the takeover occurred, but certainly no later than July 24, 2014, when these allegations appeared in CSMI's complaint against the District.

## III.   LEGAL STANDARDS FOR A MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion, the court need not accept, without more, legal conclusions masquerading as facts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1947 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs must "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## IV.   ARGUMENT

### A.   The Statute of Limitations Bars This Complaint.

CSMI was aware on May 3, 2014 that the District, through DHCD, took over control of Park Southern Apartments and contracted with Vesta to manage the property. The

statute of limitations for the tortious interference claims in the complaint is three years.[3]  D.C. Code §12-301(8).  *Zandford v. Nat'l Ass'n of Sec. Dealers, Inc.*, 30 F. Supp. 2d 1, 23 (D.D.C. 1998)(three year statute of limitations applies to tortious interference claims).  CSMI filed this complaint on August 28, 2017, well over three (3) months beyond the limitation period (May 3, 2017).  Under District of Columbia law, plaintiff must files suit before the end of three years from which plaintiff sustains the alleged tort.  D.C. Code §12-301(8).  This Court should dismiss this complaint with prejudice because plaintiff filed beyond the applicable statute of limitations.

At the latest, CSMI was on notice of its alleged claim on July 24, 2014, when CSMI sued the District of Columbia for the same alleged acts.  CSMI could have sued Vesta at the same time.  In fact, CSMI specifically discussed Vesta and its alleged actions to remove CSMI in its July 24, 2014 complaint.  CSMI was aware that Vesta took over management of Park Southern.  In fact, on July 7, 2015, over CSMI's objection, The Honorable Judge Mott consolidated the three cases involving Park Southern.  See Exhibit C.  At no time did CSMI move to amend and add Vesta as a defendant.  Instead, CSMI pursued claims solely against the District.  After CSMI lost its suit against the District, it filed this suit against Vesta attempting to recover for the same acts.  Plaintiff cannot argue that the D.C. Superior Court litigation tolls the statute.  *Beard v. Edmondson & Gallagher*, 790 A.2d 541 (2002).

In *Beard*, the D.C. Court of Appeals determined that the three year statute of limitations for a tortious interference claim barred the action because plaintiff was on notice of the potential claim several years before.  *Id.* at 547.  Defendants in the case argued that plaintiff was on notice back when it sued a different defendant for the exact same cause of action.  *Id.*

---

[3] The complaint alleges two tortious interference claims but both claims allege damages arising from PSNC's contract with CSMI.  The claims are duplicative and therefore will be treated as one.

Plaintiffs attempted to argue that the separate litigation caused a continuous tort that tolled the limitations period. *Id*. The Court of Appeals disagreed.

Just as in *Beard*, CSMI waited too long to file suit and was at least on notice of any potential claim against Vesta when it sued the District on July 24, 2014. Just as the litigation in *Beard* did not toll the limitation period the litigation against the District cannot toll the limitation period in this case.

The statute of limitations on any such claim against Vesta has passed, and CSMI's suit is no more than an attempt to end run around Judge Mott's ruling.

**B.      CSMI is Collaterally Estopped from Arguing the Same Facts and Claims Fully Litigated in D.C. Superior Court**

CSMI is collaterally estopped from bringing this complaint against Vesta. "Collateral estoppel bars re-litigation of an issue of fact or law when '(1) the issue is actually litigated; (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; and (4) under circumstances where the determination was essential to the judgment, and not merely dictum.'" *Walker v. Fedex Office & Print Services, Inc.*, 123 A.3d 160, 164 (D.C. 2015). Collateral estoppel may be invoked defensively by a defendant who was not a party to the original proceedings. Collateral estoppel prevents a plaintiff from re-litigating an issue if it already unsuccessfully litigated.

As previously stated, CSMI already filed suit against the District of Columbia for tortious interference and lost. The Honorable Judge Mott found "CSMI voluntarily decided not to enforce its claimed right under the Management Agreement after DHCD entered the property for reasons that are unknown." Exhibit B at 6. CSMI unsuccessfully litigated to a final judgment on the merits of whether CSMI's contract was terminated based on any interference. Therefore this Court should dismiss this case on the basis of collateral estoppel.

In *Walker*, the Court of Appeals upheld the trial court's application of collateral estoppel. *Id.* at 164. The plaintiff originally sued her former employer, supervisor and a human resources employee for discrimination. *Id.* at 161. The employer compelled arbitration, the case was stayed, and the arbitrator found in the employer's favor on the ultimate issue of discrimination and determined that the employer had properly terminated the plaintiff. *Id.* at 162. The remaining defendants in the stayed cased moved to dismiss for collateral estoppel based on the arbitrator's ruling. The trial court agreed and dismissed the case. *Id.* at 163. On appeal, plaintiff raised numerous issues, all of which were denied. First, the court determined that a defendant that was not a party to the original proceedings can prevent a plaintiff from relitigating an issue that the plaintiff previously unsuccessfully litigated. *Id.* at 164. Second, the court found that although the arbitrator did not directly address the actions of these defendants, the arbitrator ultimately found that the employer had grounds to terminate and that the plaintiff failed to prove her case of discrimination. *Id.* at 165. Therefore, the Court of Appeals found plaintiff was collaterally estopped from claiming that these defendants discriminated or aided and abetted the discrimination, because there was no discrimination

As in *Walker*, CMSI already litigated the ultimate issue of tortious interference in D.C. Superior Court. The judge there determined that there was no interference because neither the District or PSNC terminated CSMI's contract. Rather the court found that CSMI voluntarily decided to forgo any rights it may have had under the contract. See Exhibit B at 6. Therefore, CSMI is collaterally estopped from now claiming that Vesta interfered with the alleged PSNC-CSMI contract. Collateral estoppel applies to both factual and legal conclusions. *Walker*, at 166. It would be a waste of judicial resources, not to mention a financial burden on Vesta, for this Court to permit the case to proceed. The Court should dismiss the complaint with prejudice.

### C.     The Complaint Fails to State a Cause of Action

Alternatively, CSMI failed to state a cause of action. The elements of a tortious interference claim are "[the] existence of a valid contractual or other business relationship"; "the defendant's knowledge of the relationship"; "intentional interference with that relationship by the defendant"; and "resulting damages." *NCRIC, Inc. v. Columbia Hosp. for Women Med. Ctr., Inc.,* 857 A.2d 890, 900(1) (2008). The complaint merely recites the elements of a cause of action and includes legal conclusions masquerading as facts or fails to allege any facts at all for certain elements. The two counts are really only one court of tortuous interference with contract, the expectancy court merely states that the PSNC-CSMI relationship would continue and any construction would invoke the previously mentioned contract.

CSMI must allege a valid contract or business relationship. However, the complaint contains conflicting statements regarding the validity of CSMI's alleged management contract. CSMI alleges it entered into a contract with PSNC. Compl. ¶ 9. However, the complaint also alleges that the District of Columbia did not believe CSMI's contract was valid. Compl. ¶¶ 23 and 24. Therefore, it is not entirely clear that CSMI has alleged the facts to support the first element.

The second element requires pleading facts to demonstrate that the defendant was aware of the contract or business expectancy. Nowhere in the complaint does CSMI allege that Vesta was aware of any such management contract. Instead, the complaint only alleges that Mr. Bailey, an employee of DHCD "had received a copy of the new PSNC-CSMI property management contract." Compl. ¶14. Although the complaint refers to the District as a defendant, the style of the case does not include the District. This is understandable because CSMI already sued the District for the same acts and lost in D.C. Superior Court. Thus, the

complaint fails to allege facts to support the second element of the claim that this defendant, Vesta had knowledge of a contract or business expectancy.

The third element requires facts that demonstrate the defendant intentionally interfered with the contract or expectancy. The complaint fails to allege any facts that demonstrate that Vesta intentionally interfered with alleged PSNC-CSMI contract. Instead, the complaint alludes to phone calls and emails. Compl. ¶ 40. However, there are no factual allegations of what Vesta allegedly said on those phone calls, no allegations of intentional steps taken by Vesta and no allegations that anything Vesta did actually caused PSNC to terminate the alleged contact with CSMI. There are no allegations that Vesta had any contact with PSNC, the other party to the alleged contract. The complaint alleges that the District entered into an emergency contract with Vesta. Compl. ¶¶ 28-30. There are no allegations that Vesta did anything to interfere with any alleged contact between PSNC and CSMI. The complaint fails to allege facts for the third element of this claim. Therefore, this Court should dismiss the complaint.

## V. CONCLUSION

This complaint is nothing more than an attempt to circumvent Judge Mott's previous decision dismissing similar causes of action asserted by CSMI against the District. The statute of limitations has run on any similar claim against Vesta. Judge Mott's opinion precludes CSMI from asserting these claims against Vesta. Moreover, the complaint, which appears to be a cut, copy and paste from the previous lawsuit, fails to state a claim against Vesta, because there are no factual allegations for each of the necessary elements, only conclusory allegations. For any or all of these reasons, this Court should dismiss the complaint with prejudice.

Date:   December 8, 2017

Respectfully submitted,

/s/ Matthew D. Foster

Matthew D. Foster
(D.C. Bar No. 503057)
**PEPPER HAMILTON LLP**
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
fosterm@pepperlaw.com
Telephone: 202.220.1235
Facsimile:  202.220.1665

*Attorney for Defendant Vesta Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 8th day of December, 2017, a copy of the foregoing Vesta

Corporation's Motion to Dismiss Plaintiffs' Complaint was served electronically via the Court's

Electronic Case Filing system on the following:

> Donald M. Temple, Esq.
> Donald M. Temple, P.C.
> 1310 L Street, NW, Suite 750
> Washington, DC 20005
> dtemplelaw@gmail.com
>
> *Counsel for Plaintiff Capitol Services Management, Inc.*

> /s/ Matthew D. Foster
> _____
> Matthew D. Foster, DC Bar #503057
> **PEPPER HAMILTON, LLP**
> Hamilton Square
> 600 Fourteenth Street, N.W.
> Washington, DC 20005-2004
> fosterm@pepperlaw.com
> Telephone:  202.220.1235
> Facsimile:  202.220.1665
>
> *Attorney for Defendant Vesta Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DISTRICT OF COLUMBIA

CAPITOL SERVICES MANAGEMENT INC.,                :
                                                 :
                                    Plaintiff,   :        CIVIL ACTION
                                                 :
                        v.                       :        NO. 17-1756 (EGS)
                                                 :
VESTA CORPORATION,                               :
                                                 :
                                    Defendant.   :
                                                 :

## [PROPOSED] ORDER

AND NOW, on this _____ day of _____, 2017, after consideration  of
Defendant  Vesta Corporation's  Motion to Dismiss  Plaintiffs'  Complaint,  and any Response(s)
thereto, IT IS HEREBY  ORDERED that the Motion is GRANTED.  Plaintiffs'  Complaint  is
dismissed  with  prejudice.

BY THE COURT:

_____
United  States District  Judge

Attorneys  entitled  to be notified  of this Order's entry:

Donald M. Temple,  Esq.                    Matthew  D. Foster
Donald M. Temple,  P.C.                    (D.C. Bar No. 503057)
1310 L Street, NW, Suite 750               PEPPER  HAMILTON  LLP
Washington,  DC  20005                     600 Fourteenth  Street, N.W., Suite 500
dtemplelaw@gmail.com                       Washington,  D.C. 20005-2004
                                           fosterm@pepperlaw.com

*Attorney for Plaintiff Capitol Services*
*Management, Inc.*                         *Attorney for Defendant Vesta Corporation*